UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ERIC RAYMOND BECKER, and ) | Case No. 07-46552-399 |
| JEAN DENISE BECKER, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| MARQUERITE HOPE LUCAS, ) | **Adversary No. 08-4073-659** |
| ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| ERIC RAYMOND BECKER, and ) | |
| JEAN DENISE BECKER, ) | |
| ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff's Complaint to Determine Dischargeability of Debt (hereinafter "Complaint"), Debtors' Petition in Adv. No. 08-04073 (hereinafter "Answer") and Plaintiff's Trial Brief (hereinafter "Trial Brief"). On January 27, 2009, a hearing was held on the matter. Plaintiff appeared by counsel and Debtors were present in person. Oral argument was presented and the matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

On September 27, 2000, Jacqueline H. Becker (hereinafter "Decedent") executed the Jacqueline H. Becker Living Trust (hereinafter "Trust") appointing her daughter Marguerite Hope Lucas (hereinafter "Plaintiff") as trustee upon Decedent's death. The Trust property included all "…household furniture and effects, books, pictures, jewelry, art objects, precious metals, coin and stamp collections and all other items of household or personal use or tangible personal property…".

A section of the Trust labeled "Distribution of My Tangible Personal Property and Specific Distributions" states that any memorandum written, signed and dated which disposes of personal

property shall be incorporated by reference into the Trust. In another section of the Trust labeled "Personal Effects" is a document entitled "Memorandum for Distribution of Tangible Personal Property of Jacqueline H. Becker" which states that if Eric R. Becker survives Decedent, a 1997 Chevrolet Lumina (hereinafter "Vehicle") is to be distributed to Eric R. Becker (hereinafter "Debtor"). In a letter dated May 12, 2005, (hereinafter "Letter") Plaintiff resigned from her position as the trustee of the Trust. Pursuant to the terms of the Trust, Debtor became trustee of the Trust at this time.

On March 30, 2005, Debtor named himself as payee on a check from Decedent's account in the amount of $6,500.00 (hereinafter "Check"). Debtor signed Decedent's name on the Check and deposited the Check into Debtor's bank account. The following day, March 31, 2005, Decedent died. On April 1, 2005, the Check cleared Decedent's bank account. Debtor claims he signed and deposited the Check at Decedent's direction as he had done on multiple occasions in the past. Debtor stated the money was used to pay for various expenses including a loan in both Decedent's and Debtor's names which was secured by a van Debtor owned. Debtor also claims the money was used to pay for a new water heater and lawn fertilization services performed after Decedent's death which Decedent scheduled prior to her death.

Debtor and his wife, co-debtor Jean Becker (hereinafter collectively "Debtors") also took possession of the Vehicle titled in Decedent's name. Jean Becker drove the Vehicle, with permission of Decedent, on a regular basis before Decedent's death and continued to do so after Decedent died. At some point, Jean Becker was mugged and the Vehicle was stolen. Debtors found the stolen Vehicle and repossessed it. On a separate occasion, the Vehicle was stolen again and was totaled. The Vehicle's value at the time it was stolen was at least $800.00.

On October 5, 2007, Debtors filed a voluntary Petition under Chapter 7 of the Bankruptcy Code. Plaintiff is the personal representative of Decedent's Probate Estate and brought this Complaint on behalf of the Probate Estate of Decedent. Plaintiff argues that Debtor forged Decedent's name when he signed the Check. Additionally, Plaintiff argues that upon Decedent's

-2-

death, the $6,500.00 should have been turned over to Plaintiff for the benefit of Decedent's Probate Estate.  Therefore, Plaintiff argues that Debtor's assumption of the right to ownership of the money is conversion.  Plaintiff further argues that the Vehicle should have been surrendered to Decedent's Probate Estate upon Decedent's death and Debtor's failure to do so is conversion.  Plaintiff alleges the destruction of the Vehicle is due to Debtors' reckless conduct.  Plaintiff believes the value of the Vehicle before its destruction was at least $2,500.00 and that this amount should be awarded to Decedent's Probate Estate.  Plaintiff claims conversion of the $6,500.00 and the Vehicle is willful and malicious conduct and thus nondischargeable pursuant to § 523(a)(6).

Debtors argue that Plaintiff is merely the representative of the Decedent's Probate Estate and that Debtor, as trustee of the Trust, is the trustee for the actual estate.  Debtor submits that the Check was signed at the direction of Decedent and that the funds were ultimately used to pay for some of Decedent's debts.  Debtors further contend the Vehicle rightfully belongs to Debtor pursuant to the Trust and that Plaintiff previously informed Debtor that the Vehicle belonged to him pursuant to the Trust.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 1 57(b)(2)(I) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The first issue is whether Debtor's deposit of the Check into his bank account is indeed conversion and thus a debt to Decedent's Probate Estate.  If yes, this Court must determine whether Debtor's act of conversion was willful and malicious thus creating a nondischargeable debt pursuant 11 U.S.C. § 523(a)(6).

"Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Maples v. United Sav. and Loan Assoc.,*

-3-

686 S.W.2d 525, 527 (Mo. Ct. App. 1985). On March 30, 2005, Debtor designated himself as payee on the Check to be drawn from Decedent's account. Debtor however contends that he was acting under Decedent's instruction in so doing. The following day, March 31, 2005, Decedent died. The Check did not clear Decedent's bank account until April 1, 2005, the next day. Debtor therefore did not receive the funds from Decedent until April 1, 2005, after Decedent had passed away.

Under Missouri banking law, "[a] check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it." *In re Estate of Winifred E. Musiol,* 232 S.W.3d 718, 720 (Mo. Ct. App. 2007) *citing* MO. REV. STAT. § 400.3-408 (2000). In *In re Estate of Winifred E. Musiol*, at decedent's instruction, decedent's brother signed a check on behalf of decedent. *Musinol,* 232 S.W.3d at 719. The check did not clear decedent's account until after decedent passed away. *Id. at 720.* The court held that the funds were property of decedent's estate and not the drawee of the check because pursuant to Missouri Statute § 400.3-408, decedent's attempted inter vivos transfer did not occur because the funds did not clear decedent's bank account until after decedent passed away. *Id.* at 720-21. The relevant point in time is when the drawee of the check obtains the funds, not when the check is drafted or signed. *Id.* So too here, because the Check did not clear Decedent's account until after Decedent's passing, Debtor did not obtain said funds until that time. The $6,500.00 is therefore property of Decedent's Probate Estate. Debtor is indeed liable to Decedent's Probate Estate for $6,500.00.

The Court must now determine whether said debt was incurred due to willful and malicious conduct and is thus a nondischargeable debt pursuant to § 523(a)(6). According to the Supreme Court:

> There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception [Section 523(a)(6)]…But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be

-4-

> a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice… There may be an honest but mistaken belief, engendered by a course of dealing that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one.

*Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S. Ct. 151, 153 (1934).

"Willfulness" and "maliciousness" are two separate elements which must be proven separately to meet the statutory requirements of § 523(a)(6). *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008)(citations omitted). "For purposes of § 523(a)(6), 'willful' means that the injury, not merely the act leading to the injury, must be deliberate or intentional; and 'malicious' means that the injury is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm to that creditor." *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006). The Eighth Circuit Court of Appeals has set a high bar of certainty of harm in its interpretation of willful and malicious as it applies to § 523(a)(6). *Id.*

Here, Debtor claims that he signed and deposited the Check into his own bank account at Decedent's direction with the intent to pay off some of Decedent's financial obligations. A large portion of the money was used to pay a debt which Decedent and Debtor shared. Other portions of the funds were used in part to pay for a new water heather and lawn fertilization services scheduled by Decedent. Although Debtor intentionally signed the Check, it does not appear he intended to commit conversion and thus any resulting injury is not willful.

Debtor's conduct was not certain to cause financial harm to this specific Plaintiff or the Probate Estate of Decedent. Regardless of whether Debtor had a legal right to sign and deposit the Check, the act was one Debtor claims he had done many times before at Decedent's direction. Debtor's act of conversion was the result of a mistaken belief, based on Debtor's previous course of dealing with Decedent. Further, Debtor expressly stated he believed himself to be the "trustee for the actual estate of Jacqueline H. Becker", a position he assumed upon receipt of the Letter in which Plaintiff resigned from her position as the same. Answer, p. 1, ¶ 1. Under the circumstances,

Debtor could have easily mistaken his own obligation in regard to Decedent's property even though Plaintiff was entitled to have the funds surrendered for the benefit of the Decedent's Probate Estate. The standard of maliciousness is not met.

The next issue is whether Debtor was obligated to surrender the Vehicle to Plaintiff for the benefit of Decedent's Probate Estate at the time of Decedent's death. Any property governed by the Trust is not part of Decedent's Probate Estate. Decedent gave Debtor the Vehicle in the Trust via the incorporated memorandum. The Vehicle became Debtor's property upon Decedent's death. Debtor had no obligation to give the Vehicle to Plaintiff for the benefit of Decedent's Probate Estate. Debtor's possession of the Vehicle is not conversion and there exists no debt related to the value of the Vehicle for which exception to dischargeability exists pursuant to § 523(a)(6).

Accordingly, § 523(a)(6) does not except from discharge the debt based on the conversion of the $6,500.00; and no debt to Plaintiff or Decedent's Probate Estate exists pertaining to the Vehicle for which an exception to discharge may apply. By separate order, judgment will be entered in favor of Debtors.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: February 22, 2010
St. Louis, Missouri

-7-

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Leonard Komen
7733 Forsyth Blvd., Ste. 2000
Saint Louis, MO 63105

Marguerite Hope Lucas
PO Box 190492
Webster Groves, MO 63119

Eric and Jean Becker
1723 Arrow Point Dr. Ct.
Saint Louis, MO 63138